**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2024**

# In the Court of Appeals of Georgia

A24A0266. IN THE INTEREST OF M. E. P. S., A CHILD.

DOYLE, Presiding Judge.

This case arises from a dependency petition filed by the custodian of M. E. P. S., a Guatemalan child[1] currently living in Cobb County with her cousin. The Cobb County juvenile court entered an order finding M. E. P. S. dependent but declining to make a finding as to whether returning her to her birth country would be in the child's best interest, which is a factor relevant to determining the child's eligibility for

---

[1] M. E. P. S. was a minor at the time the petition was filed. Approximately eight months after the dependency was determined, M. E. P. S. reached the age of majority, but the appeal is not moot "because the juvenile court's ruling creates adverse consequences relating to [M. E. P. S.]'s immigration status that will continue to affect [her] beyond [her] childhood." *In the Interest of M. J. H.*, 366 Ga. App. 872, 873, n. 1 (884 SE2d 559) (2023). See also *In the Interest of H. D. G. H.*, 371 Ga. App. 34, n. 2 (899 SE2d 501) (2024).

"special immigrant juvenile" ("SIJ") status.[2] Consistent with this Court's binding precedent in effect at the time of the challenged order[3] as well as other recent cases addressing this issue,[4] we hold that the juvenile court erred by concluding that it lacked jurisdiction to make such a finding. Accordingly, we affirm the dependency finding, but we remand the order to the trial court for a finding with respect to the missing SIJ factor.[5]

The record shows that M. E. P. S. was born in Guatemala in December 2005 and came to the United States without her parents. She was placed into the custody of her cousin by the United States Office of Refugee Resettlement. In March 2023, the cousin, who had become a plumber after immigrating from Guatemala and now makes a six figure income, filed a dependency petition accompanied by an affidavit averring

---

[2] See 8 USC § 1101 (a) (27) (J); 8 CFR § 204.11.

[3] See, e.g., *In the Interest of J. J. X. C.*, 318 Ga. App. 420, 425 (734 SE2d 120) (2012) ("[T]he juvenile court is charged with making the factual inquiry relevant to SIJ status when an unmarried, resident alien child is found to be dependent on the court.").

[4] See, e.g., *In the Interest of H. D. G. H.*, 371 Ga. App. at 34; *In the Interest of R. E. Z. B.*, 370 Ga. App. 236, 238 (896 SE2d 236) (2023).

[5] See *In the Interest of R. E. Z. B.*, 370 Ga. App. 236, 238 (896 SE2d 236) (2023) ("We remand the case to the juvenile court with instruction to make all findings pursuant to 8 USC § 1101 (a) (27) (J) (i), (ii).").

that M. E. P. S. was abandoned by her father, and the child's mother, a subsistence farmer without running water and electricity, lacked the means to provide adequate housing, food, and education for M. E. P. S. The brief in support of the petition explicitly sought a finding that returning the child to her birth country was not in her best interest. The juvenile court held a hearing in which both the cousin and a guardian ad litem testified that returning M. E. P. S. to Guatemala was not in her best interest, and M. E. P. S.'s trial counsel requested such a finding. The juvenile court entered an order finding M. E. P. S. dependent based on her lack of proper parental care and supervision. It also ruled that reunification with the "parents is not viable due to abuse, neglect, abandonment, or similar basis under" state and commensurate federal law. Last, the court ruled that "it would be in the child's best interest to remain in current placement," i.e., in the custody of the cousin.

Despite making these findings, the juvenile court held that it could not make a finding as to whether returning M. E. P. S. to her birth country would be in her best interest. The court explained:

> [T]his court finds that the juvenile courts of Georgia are not authorized, under Georgia law, to make a best interest determination as to whether or not it would be harmful for an adjudicated dependent child to return

to a particular county, state, country, or other geographical area including but not limited to the child's or parent's previous country of nationality or country of last habitual residence because decisions concerning where a child may physically locate, under Georgia law, are left within the sole discretion of the child's appointed custodian; not a juvenile court judge.

M. E. P. S. now appeals.

This appeal raises an issue that previously has been decided by this Court, and at least one recent case addressed an order from the same juvenile court with identical language to that quoted above — *In the Interest of H. D. G. H.*[6] That case was decided after the order was entered in this case, and we explained the context:

> Federal law provides a path for resident alien children who have been abused, neglected, or abandoned to gain lawful permanent residency in the United States by obtaining SIJ status. To be eligible for SIJ status, the resident alien must, among other requirements, be under 21 years of age and unmarried at the time the petition is filed and have been declared dependent by a state juvenile court. In addition, before applying for SIJ status, the resident alien first must obtain two special findings from a state juvenile court. First, the juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under State

---

[6] 371 Ga. App. at 34.

law. Second, and more relevant for this appeal, a determination must be made that it would not be in the petitioner's best interest to be returned to the petitioner's or their parent's country of nationality or last habitual residence.[7]

When the juvenile court refused to make the requested finding based on the evidence submitted at the dependency hearing, we held that it erred:

> This Court previously has held that Georgia juvenile courts are charged with making the factual inquiry relevant to SIJ status when an unmarried, resident alien child is found to be dependent on the court. Indeed, we have consistently stated that the juvenile court has a duty to consider the SIJ factors and make findings regarding those factors. As we have explained, the SIJ statute affirms the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. By making these preliminary factual findings, the juvenile court is not rendering an immigration determination. That decision rests squarely with the federal government.[8]

---

[7] (Citations omitted.) Id. at 35.

[8] (Citations and punctuation omitted.) *In the Interest of H. D. G. H.*, 371 Ga. App. at 36, citing *In the Interest of R. E. Z. B.*, 370 Ga. App. at 238; *In the Interest of J. J. X. C.*, 318 Ga. App. at 424-425.

For the same reason, the juvenile court erred in this case by refusing to make the requested finding.[9] Accordingly, we affirm the findings that were made by the juvenile court (which findings are not challenged), and we remand for entry of a finding with respect to whether or not it would "be in the alien's best interest to be returned to the

---

[9] We note that the juvenile court's order relied primarily on *In the Interest of A. N.*, 281 Ga. 58 (636 SE2d 496) (2006), a case that predated and did not address our SIJ precedent. Instead, it only addressed a juvenile court's ability to control the *placement* of a child after granting *legal custody* to the Department of Family and Children Services ("DFACS"). Id. In doing so, the Supreme Court of Georgia affirmed a "long standing rule that a trial court may not order that legal and physical custody of a deprived child be divided between DFACS and some other party unilaterally chosen by the court." Id. at 59. Based on that rule, the juvenile court in this case concluded that it could not "decide whether it would not be in the child's best interest to return to the child's or parent's previous country of nationality . . . [because] *such decision is a physical placement determination.*" But it is axiomatic that a factual finding is not a physical custody placement, see *In the Interest of H. D. G. H.*, 371 Ga. App. at 36 ("By making these preliminary factual findings, the juvenile court is not rendering an immigration determination."), and *In the Interest of A. N.*, was a deprivation case that did not purport to address the SIJ context or the question presented here. Accordingly, the juvenile court erred by inventively reading A. N. as a prohibition against making the SIJ factual finding.

alien's or parent's previous country of nationality or country of last habitual residence."[10]

*Judgment affirmed in part and case remanded with direction. Hodges and Watkins, JJ., concur.*

---

[10] 8 USC § 1101 (a) (27) (J) (ii).